United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD YANDELL,

    Plaintiff,

  vs.

MATHEW CATE, FRANCISCO JACQUEZ, G. D. LEWIS, C. COUNTESS, J. E. PIEREN, D. BARNEBURG, J. L. McKINNEY and G. WILLIAMS,

    Defendants.

                           /

No. C 10-5811 PJH (PR)

**ORDER DISMISSING CASE**

This is a civil rights case filed pro se by a state prisoner. The court previously granted defendants' motion to dismiss and dismissed the majority of plaintiff's claims with prejudice. Docket No. 21. Plaintiff was provided an opportunity to file a second amended complaint regarding his First and Eighth Amendment claims related to his gang revalidation. Plaintiff has filed a second amended complaint that the court will screen.[1]

**DISCUSSION**

**A.**     **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at

---

[1] Plaintiff repeats claims in the second amended complaint that have already been dismissed with prejudice that the court need not address again.

1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In 2010 plaintiff was revalidated as a gang member and continued to reside in the Secured Housing Unit ("SHU"). One of the pieces of evidence used to revalidate plaintiff was a photograph he possessed of an American flag with shamrocks instead of stars. Plaintiff previously conceded that the US flag with shamrocks instead of stars is used by the Aryan Brotherhood, but stated the use of shamrocks is not exclusive to the Aryan

2

Brotherhood and is also a symbol of his Irish-American heritage. Docket No. 9 at 9-10. Plaintiff states that being punished for having this image violates the First Amendment.

Plaintiff also argues that residing in the SHU has caused physical harm based on the sedentary and solitary lifestyle. Plaintiff only briefly discusses specific harms he suffered stating that he is "suffering from physical injuries including but not limited to disuse atrophy in the back, lower extremity muscles, muscle contractures, accelerated joint deterioration in the hips, and knees, pain, stiffness, anxiety and headaches...." Docket No. 25 at 12. Plaintiff provides no other details regarding his Eighth Amendment claim other than general statements that being placed in the SHU and solitary confinement is detrimental to his health.

In the prior complaint and opposition to motion to dismiss, plaintiff cited the First Amendment, but provided little support for this claim and what constituted the First Amendment violation. Similarly, plaintiff also alleged a violation of the Eighth Amendment due to his extended placement in the SHU. Plaintiff generally described that a sedentary lifestyle is not healthy and he is suffering atrophy in the lower extremities, accelerated joint deterioration, stiffness, anxiety and headaches. Plaintiff provided no other details or information and did not describe how any of the named defendants are connected, other than presumably they participated in the revalidation process. Plaintiff was provided an opportunity to amend these claims to set forth additional facts, unfortunately his second amended complaint repeats the same vague and conclusory allegations as the prior complaint.

Plaintiff is again informed that the Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948) overruled on other grounds; *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S.

119, 125 (1977). While an inmate does retain First Amendment rights that are not inconsistent with his status as a prisoner, a regulation that impinges upon First Amendment rights is valid if it is reasonably related to a legitimate penological interest. *Shaw v. Murphy*, 532 U.S. 223, 229 (2001). It is clear that prison officials have a "legitimate penological interest in stopping prison gang activity." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). As the photograph plaintiff possessed is related to gang activity, defendants had a legitimate reason to confiscate this item, regardless of plaintiff's intent and if it was only a symbol of his Irish-American heritage.

Plaintiff's claim that he is being denied the right to associate with certain people due to the confiscation of his pictures of the flag also fails. It is well established that the First Amendment right to freedom of association is among the rights least compatible with incarceration, see *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), and such right "may be curtailed whenever the institution's officials, in the exercise of their informed discretion, reasonably conclude that such associations ... possess the likelihood of disruption to prison order or stability." *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 132 (1977). It cannot be disputed that the prison has a legitimate interest in preserving the safety of its inmates and staff, which includes preventing gang violence. *See Bruce* at 1289.

Moreover, a prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.*

While plaintiff has cited the Eighth Amendment and presented a few broad allegations regarding a sedentary lifestyle in the SHU, he has alleged no facts in his second amended complaint that show inhumane or dangerous conditions or that show that any

defendant acted with deliberate indifference to his health or safety. Simply stating that residing in a cell caused him physical problems without identifying specific defendants or more precise facts concerning the problems is insufficient to state a claim. *See Iqbal*.

The second amended complaint is dismissed without leave to amend as plaintiff has already been provided opportunities to amend and it is clear no amount of amendment will cure the deficiencies the court has repeatedly identified.

## CONCLUSION

The second amended complaint is **DISMISSED** with prejudice for the reasons set forth above and this case is **CLOSED**.

**IT IS SO ORDERED.**

Dated: March 6, 2013

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.10\Yandell5811.dis.wpd